IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. | Case No. 3:10-cv-02717 |
| Plaintiff, | Judge James G. Carr |
| v. | **PLAINTIFF'S MOTION FOR ORDER AUTHORIZING EXPEDITED DISCOVERY** |
| LYDIA ERTLE, et al. | |
| Defendants. | Keith Wilkowski (0013044) |
| | Roman Arce (0059887) |
| | MARSHALL & MELHORN, LLC |
| | Four SeaGate, Eighth Floor |
| | Toledo, Ohio 43604 |
| | (419) 249-7100 |
| | (419) 249-7151 (Fax) |
| | wilkowski@marshall-melhorn.com |
| | arce@marshall-melhorn.com |
| | Attorneys for Plaintiff |

Plaintiff moves this Court for an order permitting Plaintiff to undertake expedited discovery in this case. A memorandum in support follows, and a proposed Order is submitted herewith.

**MEMORANDUM IN SUPPORT**

Defendants, Lydia Ertle ("Ertle"), Thomas Gamble ("Gamble"), and Mechanical Woman, Inc. ("MWI"), are former franchisees of an AAMCO Transmission Center in Toledo, Ohio ("the Center"). Plaintiff AAMCO Transmissions, Inc. ("ATI"), franchisor, recently terminated its franchise agreement with the Defendants ("the Franchise Agreement") because Defendants repeatedly failed to deal fairly and honestly with their customers.

The post-termination provisions of the Franchise Agreement include:

- a non-compete covenant prohibiting Defendants from directly or indirectly engaging in the transmission repair business within a radius of ten (10) miles of the former Center location at 5250 Airport Hightway, Toledo, Ohio or within a three (3) mile radius of any other AAMCO Transmission Center,

- a requirement that Defendants turn over the Center telephone numbers to ATI,

- and an option exercisable by ATI to purchase the Center's assets.

Defendants, however, improperly continue at present to operate a transmission repair business at the former Center location using ATI's Center telephone numbers, and Defendants refuse to allow ATI to purchase the Center's assets.

Defendants were also bound by an amended license agreement which, until Plaintiff terminated the franchise agreement, entitled Defendants to operate as a franchisee using ATI's "AAMCO" brand name ("the License Agreement"). Under the License Agreement, ATI has full authority to assert and protect its franchise rights.

While the Franchise Agreement was in effect, Defendants received extensive training, confidential information, and trade secrets belonging to ATI, and Defendants learned the unique methods, procedures and techniques developed by ATI in all aspects of its business. Under the License Agreement, ATI was entitled to perform any inspection it deemed necessary to protect the standards of quality and uniformity of the AAMCO system.

In May of 2010, after receiving a tip from a former employee of Defendants, ATI conducted an investigation in accordance with its rights under the License Agreement. ATI did each of the following:

- interviewed former employees of Defendants;

- conducted onsite interviews with current employees of Defendants;

- performed onsite inspections of the Defendants' Center and its business practices;

- reviewed Repair Orders issued by Defendants' Center;
- interviewed Defendants' customers; and
- conducted forensic examination of vehicles after being serviced at the Center.

As a result of this investigation, ATI discovered that the Defendants systematically engaged in fraudulent and deceptive practices by, among other things:

- selling customers rebuilt transmissions when the customers in fact received "junkyard" units that had not been rebuilt;
- selling customers rebuilt torque converters when Defendants in fact merely painted the customer's old torque converter to look like a newly remanufactured unit;
- recommending unnecessary repairs to customers;
- selling unnecessary repairs to customers;
- representing to customers that work was performed, when it was not performed; and
- representing to customers that parts were replaced, that were not replaced.

Under to the License Agreement, the Defendants were contractually obligated to "deal fairly and honestly with the public," and to "comply at all times with all federal, state, provincial, county, city and other local laws, regulations and ordinances." Because Defendants breached these obligations, ATI exercised its contractual right to immediately terminate the License Agreement for cause.

By letter dated July 21, 2010, ATI notified Defendants that the results of ATI's investigation indicated that Defendants violated their contractual obligations under the License Agreement, and engaged in fraudulent and deceptive practices at the Center. By letter dated September 7, 2010, ATI advised Defendants that the Franchise Agreement was terminated effective immediately. The letter further notified Defendants that they must comply with the

License Agreement's post-termination obligations, including honoring the non-competition covenant and the requirement to turn over all Center telephone numbers to ATI. The termination letter also notified Defendants that ATI was exercising its right under the License Agreement to purchase all of Defendants' right, title and interest in the Center and its equipment for fair market value, less any outstanding debts of the Center.

Defendants continue to compete from the former Center location, notwithstanding ATI's demand that they comply with the post-termination provisions of the License Agreement. Defendants refuse to turn over all telephone numbers for the Center. Defendants further refuse to allow an appraiser access to the Center and its equipment, so that ATI may exercise its contractual right to purchase all of Defendants' right, title and interest in the Center for fair market value, less outstanding debt.

Because the preliminary injunction hearing will be conducted in the near future, Plaintiffs request the following expedited discovery:

### Requests for Production of Documents

The requests for production to defendants attached hereto as **Exhibit "A"** are narrowly drawn to focus on those documents that will enable Plaintiff to determine the nature and scope of Defendants' on-going activities at the Center location, and the extent to which Defendants may claim to have defenses to Plaintiff's post-termination rights under the Franchise Agreement and the License Agreement. Because time is of the essence in light of the likely dates when the preliminary injunction hearing will occur in this case, the attached requests for production to defendants require the production of responsive documents within seven days from the date hereof, i.e., on or before **December 15, 2010.**

**Notices of Depositions of Defendants Lydia Ertle And Thomas Gamble**

Immediately following the production of documents covered by the attached requests for production of documents, Plaintiff intends to issue a Notice of Deposition to depose defendant Lydia Ertle that will focus on the following:

- her knowledge and continuing role in the business operations currently being conducted out of the Center location,

- her role and knowledge concerning the aforementioned deceptive business practices,

- her role and knowledge concerning the role of co-defendant, Thomas Gamble, in the continuing the business operations being conducted out of the Center location and the aforementioned deceptive business practices, and

- her knowledge of other persons with relevant information concerning the subject matter of this case and any defenses that may be asserted in this case.

Immediately following the production of documents covered by the attached requests for production of documents, Plaintiff intends to issue a Notice of Deposition to depose defendant Thomas Gamble that will focus on the following:

- his knowledge and continuing role in the business operations currently being conducted out of the Center location,

- his role and knowledge concerning the aforementioned deceptive business practices,

- his role and knowledge concerning the role of co-defendant, Lydia Ertle, in the continuing the business operations being conducted out of the Center location and the aforementioned deceptive business practices, and

- his knowledge of other persons with relevant information concerning the subject matter of this case and any defenses that may be asserted in this case.

This aforementioned expedited discovery will fairly enable Plaintiff to prepare for and present relevant evidence and to create a valid evidentiary record for this Court to render a decision on the Plaintiff's pending motion for preliminary injunction,

Accordingly, Plaintiff requests that this Court enter an order authorizing Plaintiff to proceed with the aforementioned discovery on an expedited basis. A proposed Order granting this request is submitted herewith.

Respectfully submitted,

/s/Roman Arce
Keith Wilkowski
Roman Arce
Attorneys for Defendant
AAMCO Transmissions, Inc.

**Certificate of Service**

This certifies that on December 8, 2010 the foregoing motion to expedite discovery was filed electronically. A copy of this filing will be sent to Defendants by operation of the court's electronic filing system.

/s/Roman Arce
Keith Wilkowski
Roman Arce
Attorneys for Defendant
AAMCO Transmissions, Inc.